

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

RANDY SANTOS,

    Plaintiff,

v.

LOBA TRANSIT & TOURS , INC.

    Defendant.

SERVE:

REGISTERED AGENT,
JACK PEARCE,
1629 K STREET NW #300
WASHINGTON DC 20006.

Civil Action No. 1:13CV1480 LMB/JFA

**JURY TRIAL DEMANDED**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Randy Santos (hereinafter "Plaintiff" or "Mr. Santos"), for his complaint against Defendant Loba Transit & Tours Inc., (hereinafter "Defendant" or "Loba"), respectfully states as follows:

### THE PARTIES

1. Mr. Santos is a professional photographer based in the metropolitan Washington D.C. area. He is a resident of the State of Maryland. He sells his photographs through the websites he maintains at www.dcstockimages.com and www.randysantos.com, both of which provide express written notice of Mr. Santos's ownership of copyrights in the images offered for sale or license.

2. Mr. Santos is the owner of the entire right, title and interest in and to a copyrighted photograph depicting Mount Vernon (the "Copied Photograph") (Exhibit A) registered with the United States Copyright Office pursuant to registration number VAu 747-

408 (the "Santos Copyright") (Exhibit B), and of the Copyright therein. The effective date of the Santos Copyright is July 24, 2007.

3. Loba is based at 1629 K St. NW #300 Washington DC 20006. It maintains a website for purposes of commercial advertising and promotion at www.lobatours.com. It regularly provides tours that visit Mount Vernon in Alexandria, Virginia.

## NATURE OF THE ACTION

4. This is a civil action for copyright infringement arising under the 1976 Copyright Act of the United States, 17 U.S.C. § 101 et seq. (the "Act").

## JURISDICTION AND VENUE

5. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6. Mr. Santos is the owner of the entire right, title and interest in and to the Copied Photograph and the Santos Copyright and therefore has standing to sue for infringement.

7. Venue is proper in this district and division because the Defendant conducts business here and the acts complained of transpired here. Loba used Mr. Santos's copied photograph to advertise events that it was sponsoring and business that it was transacting in the Alexandria, Virginia.

8. Loba is subject to personal jurisdiction in Alexandria Virginia and has acts of infringement within this District and Division. Loba conducts its activities in this judicial District and Division, including tours of Mount Vernon that were advertised through the Copied Photograph.

9. Loba's unauthorized copying, display and use of the Copied Photograph on its website (Exhibit C) for the purpose of advertising its services in this District and Division and in interstate commerce is without authority and infringes Mr. Santos's copyright in clear violation of the Act.

## STATEMENT OF FACTS

*Mr. Santos's Copyright*

10. The Santos Copyright was duly issued and registered to Mr. Randy Santos, the sole author of the subject matter claimed therein, on July 24, 2007. Loba's infringement commenced after the date of registration.

11. Mr. Santos has a disabled child. He and his family depend for their livelihood on people buying, rather that copying and pirating, Mr. Santos's copyrighted photographs.

*Loba's Infringement*

12. Loba has infringed and has willfully infringed the Santos Copyright in violation of the Act by displaying the Copied Photograph on Loba's website without authorization for the commercial purposes of advertisement and promotion. On the website from which Airport Plaza copied the Copied Photograph, Mr. Santos explicitly admonished that: "All content on this site, including all images and text, are © Randy Santos. No unauthorized use of any content without written permission."

13. Further, once copied and posted on Loba's website, the Copied Photograph became subject to further copying and misappropriation by additional users, substantially impeding and impairing Mr. Santos's ability to secure his intellectual property rights and to earn a living from his art.

15. Loba intentionally cropped off the bottom of the Copied Photograph to avoid showing the watermark that displayed notice of Mr. Santos's copied photograph.

## COUNT I: COPYRIGHT INFRINGMENT

16. The foregoing allegations and averments to this Complaint are incorporated by reference into this Count I as though expressly stated herein.

17. Defendant's conduct complained of herein constitutes copyright infringement and willful copyright infringement in violation of the Copyright Act of 1976.

18. Even in federal copyright cases where infringement is *not* found to be willful, Section 504(c)(1) of the Act authorizes an award of statutory damages of $30,000 per infringing events. In instances where the infringing misconduct is found to constitute "willful" infringement, Section 504(c)(2) of the Act provides that "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Willful infringement includes cases in which the copier knew, had reason to know, or recklessly disregarded the fact that his or her conduct constituted copyright infringement. *See* Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005); Silver Ring Splint Co. v. Digisplint, Inc., 567 F.Supp.2d 847, 855 (W.D. Va. 2008) (awarding $30,000 in statutory damages).

19. Loba's infringement was willful in that it knowingly pirated and copied The Copied Photograph from Mr. Santos's website in violation of the express copyright claim and notice provided thereon. Loba was informed of the Santos Copyright by letter dated May 14, 2012.

20. Loba intentionally cropped off the bottom of the Copied Photograph to avoid showing the watermark that displayed notice of Mr. Santos's copyrights in the Copied Photograph. (Exhibit C)

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. That this Court adjudge and decree that the Santos Copyright is valid and is enforceable against Loba;

B. That this Court adjudge and decree that Defendant Loba has infringed the Santos Copyright; that its infringement was willful, and that it is liable to Mr. Santos for statutory damages in the amount of $150,000.00;

C. That this Court permanently enjoin Loba, its officers, directors, agents, employees, successors, assigns and representatives and those persons acting in association or in concert with Loba from infringing the Santos Copyright;

D. That this Court enter an award to Mr. Santos of monetary damages in the amount of $150,000.00 based on Loba's willful infringement of the Santos Copyright;

E. That this Court award attorneys' fees in the amount of $50,000.00 to Mr. Santos and against Defendant pursuant to 35 U.S.C. § 285; and,

F. That this Court award costs and any other such relief that this Court deems just and equitable, including without limitation prejudgment interest at the statutory rate from May 14, 2012.

## DEMAND FOR JURY TRIAL

Mr. Santos demands trial by jury on all issues so triable.

Dated: November 26, 2013.

                        Respectfully Submitted,

                        RANDY SANTOS,
                        By Counsel

                        /s/ Michael C. Whitticar

                        Michael C. Whitticar (VSB No. 32968)
                        NOVA IP LAW, PLLC
                        10900 University Blvd., MS 1J2
                        Manassas, VA 20110
                        (571) 334-2671
                        (855) 295-0740 (fax)
                        mikew@novaiplaw.com
                        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th Day of November, 2013, I served a copy of the foregoing Complaint by facsimile, e-mail, and U.S. mail, properly addressed and postage pre-paid, on the Defendant:

Loba Transit & Tours Inc.
1629 K St. NW #300
Washington DC 20006
Fax: 202-536-4664
Email: info@lobatours.com

Michael C. Whitticar