IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RANDY SANTOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13cv1480 (LMB/JFA) |
| ) | |
| LOBA TRANSIT & TOURS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 14). In this action, plaintiff Randy Santos ("plaintiff"), seeks a default judgment against defendant Loba Transit & Tours, Inc. ("defendant" or "Loba"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On November 29, 2013, plaintiff filed a complaint against defendant alleging that defendant's actions had infringed plaintiff's copyright rights. (Docket no. 1). On December 6, 2013, a summons was issued for service on defendant, directing that the summons and complaint be served on defendant's registered agent, Jack Pearce. (Docket no. 3). On December 27, 2013, plaintiff's attorney executed an affidavit for service of process on the Secretary of the Commonwealth (the "Secretary") as statutory agent for service of process. (Docket no. 4). On January 9, 2014, the Secretary of the Commonwealth was served with the summons and complaint. (*Id.*). On January 27, 2014, a certificate of compliance was filed confirming that the

Secretary was served with the summons and the complaint on January 9, 2014, as statutory agent for defendant in accordance with Va. Code § 8.01-329. (*Id.*). On January 23, 2014, the Secretary sent a copy of the summons and complaint by certified mail, return receipt requested, to: Loba Transit & Tours, Inc., c/o Registered Agent, Jack Pearce, 1629 K Street NW #300, Washington, DC 20006. (*Id.*). In accordance with Fed. R. Civ. P. 12(a), defendant's responsive pleading was due February 18, 2014; 21 days after the filing of the certificate of compliance. Defendant has not filed a responsive pleading and the time for doing so has expired.

On February 26, 2014, the District Judge entered an order instructing plaintiff to obtain immediately an entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a), and subsequently file a motion for default judgment, an accompanying memorandum, and a notice setting a hearing on the motion for March 28, 2014. (Docket no. 5). On March 17, 2014, plaintiff filed his request for entry of default as to defendant (Docket no. 7), and on March 31, 2014, plaintiff filed a declaration in support from Michael C. Whitticar stating that the certificate of compliance from the Secretary of the Commonwealth forwarding the summons and complaint by certified mail was received in the Clerk's Office on January 27, 2014 (Docket no. 8). On April 2, 2014, the Clerk of the Court entered default against defendant pursuant to Fed. R. Civ. P. 55(a). (Docket no. 9). On May 7, 2014, the undersigned entered an order instructing plaintiff to file and serve a motion for default judgment, an accompanying memorandum, and a notice setting the motion for a hearing on, or before, May 30, 2014. (Docket no. 10). On June 4, 2014, plaintiff filed a motion for extension of time to file the motion for default judgment. (Docket no. 11). On June 5, 2014, the undersigned entered an order granting plaintiff's motion for extension of time and instructing plaintiff to file pleadings on, or before, June 13, 2014, and notice the motion for a hearing within two weeks thereafter. (Docket no. 13). On June 6, 2014, plaintiff

filed a motion for default judgment (Docket no. 14) along with declarations from Michael C. Whitticar (Docket no. 14-1) and Randy Santos (Docket no. 14-2), a supporting memorandum (Docket no. 15), and a notice of hearing date for June 20, 2014 at 10:00 a.m. (Docket no. 16). The motion for default judgment, supporting papers, and notice of hearing were served on defendant by U.S. mail on June 6, 2014, and mailed to Jack Pearce, Registered Agent, 1629 K St. NW #300, Washington, DC 20006, and Joseph Olobayo a/k/a Joe Loba, President, Loba Transit & Tours Inc., 1001 Spring St. #524, Silver Spring, MD 20910. (Docket nos. 14–16). On June 20, 2014, counsel for plaintiff appeared before the undersigned and no one appeared on behalf of the defendant.

## Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl."), the declarations of Michael C. Whitticar (Docket no. 14-1) ("Whitticar Decl.") and Randy Santos (Docket no. 14-2) ("Santos Decl."), and the memorandum in support of plaintiff's motion for default judgment (Docket no. 15). Plaintiff Randy Santos is an individual and a resident of the State of Maryland. (Compl. ¶ 1). Defendant Loba Transit & Tours, Inc. is a corporation with a principal place of business in Washington, D.C.[1] (Compl. ¶ 3).

Plaintiff is a professional photographer based in the Washington, D.C. metropolitan area. (Compl. ¶ 1). To sell his photographs, plaintiff maintains websites at www.dcstockimages.com and www.randysantos.com ("plaintiff's websites"). (*Id.*). Plaintiff's websites provide express written notice of plaintiff's ownership of copyrights in the images offered for sale or license. (*Id.*). Specifically, the website provides: "All content on this site, including all images and text, are © Randy Santos. No unauthorized use of any content without written permission." (Compl.

---

[1] Plaintiff has not alleged the place of incorporation of the defendant. Nonetheless, because plaintiff brings this suit under the 1976 Copyright Act of the United States, the issues of the parties' precise citizenship is not necessarily pertinent to resolution of this matter.

3

¶ 12). Plaintiff obtained a copyright registration for a photograph depicting Mount Vernon (Copyright Registration VAu 747-408), effective July 24, 2007 (the "Mt. Vernon photograph"). (Compl. ¶ 2).

Defendant regularly provides tours that visit Mount Vernon in Alexandria, Virginia. (Compl. ¶ 3). To advertise and promote its services, defendant maintains a website at www.lobatours.com ("defendant's website"). (*Id.*). Plaintiff asserts that defendant has infringed and willfully infringed plaintiff's copyright in the Mt. Vernon photograph by knowingly copying and displaying the Mt. Vernon photograph without authorization for the commercial purposes of advertisement and promotion, in violation of the express copyright claim and notice provided on plaintiff's website. (Compl. ¶¶ 12, 19). Plaintiff claims defendant intentionally cropped or cut off the bottom of the Mt. Vernon photograph just above the watermark showing plaintiff's copyright notice. (Compl. ¶¶ 15, 20; Docket no. 15 at 2–3; Santos Decl. ¶ 11). Plaintiff alleges the metadata and file name of the Mt. Vernon photograph as displayed on defendant's website have been changed to obscure the fact that plaintiff owned the copyright in the photograph and was the author or creator of the photograph. (Docket no. 14 ¶ 10; Santos Decl. ¶ 11). Plaintiff also claims that once copied and posted on defendant's website, the Mt. Vernon photograph became subject to further copying and misappropriation by additional users, substantially impeding and impairing plaintiff's ability to secure his intellectual property rights and to earn a living from his art. (Compl. ¶ 13).

Plaintiff informed defendant of plaintiff's copyright for the Mt. Vernon photograph by letter dated May 14, 2012. (Compl. ¶ 19). Plaintiff contends defendant ignored and failed to respond to several pieces of correspondence from plaintiff's counsel prior to the filing of the complaint, leading plaintiff, through counsel, to file suit to obtain relief in November 2013.

(Santos Decl. ¶¶ 2, 12). The parties entered into a settlement agreement in January 2014. (Whitticar Decl. ¶ 8). The settlement agreement expressly provided that plaintiff's full and timely receipt of a complete series of settlement payments would trigger a stay, or dismissal, of this case. (*Id.*). Defendant has not paid the settlement payment that was due over four months ago, on January 30, 2014. (Whitticar Decl. ¶ 9).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting defendant before it can render a default judgment. Plaintiff brings this cause of action under 17 U.S.C. § 101, *et seq.* (the "Copyright Act") and alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). (Compl. ¶¶ 4, 5).

Plaintiff has alleged that this court has personal jurisdiction over defendant because defendant regularly conducts tours that visit and were advertised in this District, and a substantial part of the events giving rise to the claims occurred in this District. (Compl. ¶¶ 3, 8). Plaintiff states that venue is proper in this District because the defendant conducts business here and the acts complained of transpired here. (Compl. ¶ 7). Given the uncontested allegations that defendant conducts activities in this District and that a substantial portion of the activity complained of has taken place in this District, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over defendant, and that venue is proper in this court.

## Service

Pursuant to Fed. R. Civ. P. 4(h), a corporation may be served in a judicial district of the United States (A) in the manner prescribed in Rule 4(e)(1) for serving an individual or (B) by delivering a copy of the summons and complaint to an officer, managing, or general agent, or any other agent authorized by law to receive service of process. Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Virginia law provides that service of process may be served on a foreign corporation through the Secretary of the Commonwealth of Virginia, who shall be deemed to be the statutory agent of the corporation. *See* Va. Code § 8.01-329(A). Under Va. Code. § 8.01-329, when service is to be made on the Secretary of the Commonwealth, service on the Secretary shall be made by leaving a copy of the process or notice, together with an affidavit stating that the corporation to be served is a foreign corporation and the applicable fee. Upon receiving the copy of the process or notice, the Secretary shall mail the process to the party designated to be

served with process in the affidavit by certified mail, return receipt requested, and file a certificate of compliance with the other papers with the Clerk of the Court. *See* Va. Code § 8.01-329(C).

A summons was issued on December 6, 2013 for service on defendant through Jack Pearce, defendant's registered agent. (Docket no. 3). On December 27, 2013, plaintiff's attorney executed an affidavit for service of process of the summons and complaint on the Secretary of the Commonwealth. (Docket no. 4). On January 9, 2014, the Secretary was served with legal process as statutory agent for service of process pursuant to Va. Code § 8.01-329. (*Id.*). On January 23, 2014, pursuant to Va. Code § 8.01-329, the Secretary sent a copy of the summons and complaint by certified mail to Loba Transit & Tours, Inc., c/o Registered Agent, Jack Pearce, at 1629 K Street NW #300, Washington, DC 20006. (*Id.*). On January 27, 2014, the Service of Process Clerk, designated by the authority of the Secretary of the Commonwealth, filed a certificate of compliance. (*Id.*).

Based on these facts, the undersigned recommends a finding that the defendant was served properly with the summons and complaint. In addition, given the discussions between plaintiff's counsel and the defendant concerning a possible resolution of this matter, there is no dispute that defendant has notice of this action.

### Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), a responsive pleading was due from defendant on February 18, 2014; 21-days after the certificate of compliance from the Secretary of the Commonwealth was filed with the court. (Docket no. 4). No responsive pleading has been filed by defendant and the time for doing so has expired. On March 17, 2014, plaintiff filed a request for entry of default as to defendant (Docket no. 7), and a declaration in support from Michael C. Whitticar on

March 31, 2014 (Docket no. 8). The request for entry of default and supporting materials were served on defendant by U.S. mail on March 17 and 31, respectively, care of the registered agent, to the address where service of process was sent, and also to Joseph Olobayo, a/k/a Joe Loba, President, at 1001 Spring St. #524, Silver Spring, MD 20910. (Docket nos. 7, 8). The Clerk of the Court entered default against defendant on April 2, 2014. (Docket no. 9). The currently pending motion for default judgment and materials in support were mailed to defendant, care of defendant's registered agent and president, on June 6, 2014. (Docket nos. 14, 15).

For these reasons, the undersigned magistrate judge recommends a finding that defendant was served properly, that defendant failed to file a responsive pleading in a timely manner, and that the Clerk of the Court has properly entered a default as to defendant.

## Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." The basic elements of a copyright infringement claim are "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In the motion for default judgment, plaintiff seeks judgment in the amounts of $30,000 in statutory damages and $10,000 in attorney's fees.[2] Because the defendant is in default, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). The following facts are established by the complaint (Docket no. 1) and the materials submitted in support of the motion for default judgment (Docket no. 14).

---

[2] Although plaintiff's complaint sought, *inter alia*, declaratory and injunctive relief in addition to monetary awards, the motion for default judgment seeks only statutory damages and attorney's fees. In addition, the amounts sought in the motion for default judgment are significantly less than the amounts sought in the complaint. While the Copyright Act provides for an award of statutory damages of up to $150,000 per work for cases of willful infringement, plaintiff recognizes that courts in this District have awarded $30,000 in statutory damages to the copyright holder in similar cases of willful infringement. (Docket no. 15 at 3). Accordingly, plaintiff seeks $30,000 in statutory damages for defendant's willful violation of the Copyright Act and $10,000 in attorney's fees based on a contingency fee agreement. (*Id.*).

Plaintiff is an individual and a citizen of the State of Maryland. (Compl. ¶ 1). Defendant is a corporation based in Washington, D.C., which regularly conducts business in Virginia. (Compl. ¶ 3). The complaint alleges that plaintiff is the sole author and owner of all right, title, and interest in and to the copyright of the Mt. Vernon photograph and the corresponding Copyright Certificate of Registration. (Compl. ¶¶ 2, 6, 10). The complaint alleges that defendant has infringed and willfully infringed plaintiff's copyright by knowingly copying and displaying the Mt. Vernon photograph without authorization for the commercial purposes of advertisement and promotion, in violation of the express copyright claim and notice provided on plaintiff's website. (Compl. ¶¶ 12, 19). Plaintiff alleges defendant intentionally cropped or cut off the bottom of the Mt. Vernon photograph just above the watermark showing plaintiff's copyright notice. (Compl. ¶¶ 15, 20; Docket no. 15 at 2–3; Santos Decl. ¶ 11). Plaintiff alleges the metadata and file name of the Mt. Vernon photograph as displayed on defendant's website have been changed to obscure the fact that plaintiff owned the copyright in the photograph and was the author or creator of the photograph. (Docket no. 15 at 3; Santos Decl. ¶ 11). Plaintiff also claims that once copied and posted on defendant's website, the Mt. Vernon photograph became subject to further copying and misappropriation by additional users, substantially impeding and impairing plaintiff's ability to secure his intellectual property rights and to earn a living from his art. (Compl. ¶ 13). In addition, plaintiff states he filed this suit because defendant chose to ignore and failed to respond to several pieces of correspondence from plaintiff's attorney that preceded the filing of this suit. (Docket no. 15 at 3).

Given that the factual allegations in the complaint concerning the existence of plaintiff's copyright and defendant's infringement thereof are deemed admitted,[3] the undersigned

---

[3] In addition, plaintiff states defendant has never denied that its website displayed plaintiff's Mt. Vernon photograph. (Whitticar Decl. ¶ 10).

recommends a finding that plaintiff has established a claim for willful copyright infringement under 17 U.S.C. § 101, *et seq.* against defendant.

### Relief Sought

**Statutory Damages**

Plaintiff seeks statutory, rather than actual, damages. (Docket no. 14 at 3). One of the remedies explicitly provided for under the Copyright Act, in lieu of actual damages, is statutory damages. *See* 17 U.S.C. § 504. In the case of non-willful infringement, the copyright owner may recover statutory damages "in a sum of not less than $750 or more than $30,000." § 504(c)(1). Statutory damages can be increased to $150,000 for willful infringement. § 504(c)(2). "The statute allows the Court, according to its discretion, to decide the amount of damages to be awarded." *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 508 (E.D. Va. 2009). "Furthermore, statutory damages are intended not merely for the restitution of profit or reparation of injury, but to deter wrongful conduct." *Id.* (quotations omitted). Moreover, "in a case where a defendant's infringement is found to be willful, the act contemplates that the award may, in the judge's discretion, punish the wrongdoer." *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1003 (E.D. Va. 1985). "[T]he defendant must be put on notice that it costs less to obey the copyright laws than to violate them." *EMI April Music*, 618 F. Supp. 2d at 508 (quotations omitted). "Among the factors that courts consider in determining the amount of a damages award are the following: expenses saved by the defendant in avoiding a licensing agreement; profits reaped by defendant in connection with the infringement; revenues lost to the plaintiff; and the willfulness of the infringement," as well as the goal of discouraging wrongful conduct. *Id.* at 509.

Plaintiff's complaint alleges willful violation of the Copyright Act. Despite the court's authority to award up to $150,000 in statutory damages for defendant's willful infringement, plaintiff suggests damages should be awarded in the amount of $30,000, the maximum amount of punishment for a non-willful action. Plaintiff has established that defendant willfully infringed upon plaintiff's copyright, despite plaintiff's several attempts to inform defendant of its violations and otherwise communicate with defendant. In addition, defendant cropped the watermark out of the image displayed on its website to remove plaintiff's copyright notice from the Mt. Vernon photograph, and changed the metadata and file name of the photograph. However, plaintiff has not suggested how much defendant would have paid for a licensing fee or the amount of revenues lost to plaintiff. Nonetheless, considering the willful nature of defendant's actions, and the policies of preserving the integrity of the copyright laws and preventing any future violations, it appears that plaintiff is entitled to damages in the amount of $30,000 as compensation for defendant's willful infringement. This recommendation is consistent with this court's decisions in similar cases, and it does not differ in kind from or exceed in amount the statutory damages requested in the complaint. *See, e.g., Masterfile Corp. v. Dev. Partners, Inc.*, 2010 WL 3603611, *5 (E.D. Va. Aug. 16, 2010) (awarding $30,000 per work for defendant's willful infringement where complaint sought "statutory damages" for willful infringement but did not state a specific dollar amount).

For the reasons stated above, the undersigned recommends that the court enter an order awarding plaintiff $30,000 in statutory damages for defendant's willful violation of the Copyright Act.

**Attorney's Fees**

In addition to an award of statutory damages, plaintiff seeks an award of its attorney's fees. Under the Copyright Act, a "court in its discretion may allow the recovery of full costs by or against any party," which may include "a reasonable attorney's fee." 17 U.S.C. § 505. In determining whether to award attorney's fees under 17 U.S.C. § 505, the Fourth Circuit has articulated four factors for consideration: "1) the motivation of the parties, 2) the objective reasonableness of the legal and factual positions advanced, 3) the need in particular circumstances to advance considerations of compensation and deterrence, and 4) any other relevant factor presented." *EMI April Music*, 618 F. Supp. 2d at 512.

Plaintiff seeks an award of $10,000 in attorney's fees (one-third of its requested amount of statutory damages) based on a contingency fee agreement. First, it appears plaintiff's motivation for bringing suit was to vindicate its rights under the Copyright Act. Second, defendant has failed to respond to the suit, despite plaintiff's attempts, beginning in May 2012, to communicate with defendant. Further, plaintiff requested an extension of the court-ordered date for the filing of the motion for default judgment with the aspiration that defendant would cooperate in resolving the lawsuit outside of court. Third, the need to encourage similar plaintiffs to bring suit to protect copyrights is clear. Lastly, given the recommendation, above, that plaintiff be awarded $30,000 in statutory damages, and considering the contingency fee agreement between plaintiff and counsel, it seems appropriate to award $10,000 in attorney's fees (one-third of the recommended statutory award).

Accordingly, the undersigned magistrate judge recommends that the court enter an order awarding plaintiff $10,000 in reasonable attorney's fees incurred in prosecuting this action.

### Conclusion

For the foregoing reasons, the undersigned recommends that a default judgment be entered in favor of plaintiff Randy Santos and against defendant Loba Transit & Tours, Inc. The undersigned further recommends that plaintiff, Randy Santos, be awarded statutory damages of $30,000 and reasonable attorney's fees and costs in the amount of $10,000.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Loba Transit & Tours, Inc., c/o Registered Agent, Jack Pearce, at 1629 K Street NW #300, Washington, DC 20006 and to Joseph Olobayo, a/k/a Joe Loba, President, at 1001 Spring St. #524, Silver Spring, MD 20910 the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 20th day of June, 2014.

                                                /s/
                                    John F. Anderson
                                    United States Magistrate Judge

Alexandria, Virginia